Filed 7/8/26  Forrest v. Forrest CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SHANNEA F. FORREST, | D086281 |
| Plaintiff, | |
| v. | (Super. Ct. No. FLRI1902683) |
| ANTHONY W. FORREST, | |
| Defendant. | |
| ADOLFO MEDIANO, Jr. | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, John W. Vineyard, Judge.  Reversed.

Glenn A. Williams for Objector and Appellant Adolfo Mediano, Jr.

No appearance for Plaintiff.

No appearance for Defendant.

# I

# INTRODUCTION

Attorney Adolfo Mediano, Jr., appeals from a family court order imposing $5,000 in monetary sanctions against him for filing and pursuing a frivolous motion on behalf of his client in a marital dissolution proceeding. Mediano contends the court erred because it imposed the sanctions under Family Code section 271, which only authorizes sanctions against parties— not their attorneys.[1]  We agree.  Therefore, we reverse the sanctions order.

# II

# BACKGROUND

Anthony W. Forrest (Husband) and Shannea F. Forrest (Wife) were married and had two children together during the marriage.  A petition to dissolve the marriage was filed in 2019.  Both parties represented themselves without legal counsel for the first few years of the marital dissolution proceeding.

In 2023, Wife retained legal counsel and filed a request for order (RFO) seeking sole legal and physical custody of the children, rather than the joint legal and physical custody arrangement that was in place at the time.  In the same RFO, Wife moved to compel Husband to produce responses to written discovery requests.  She also requested monetary sanctions of $1,890 for the attorney's fees she incurred to bring the discovery motion.

In support of her request for sole legal and physical custody, Wife filed a declaration in which she averred that Husband had pleaded guilty to a crime of domestic violence and was subject to a criminal protective order. She supplied a copy of the criminal protective order, which named Husband

---

[1]     Further undesignated statutory references are to the Family Code.

as the restrained party and Wife as the protected party. A few weeks later, Wife filed a supplemental declaration alleging that a family member had recently witnessed Husband being arrested for a separate domestic violence incident involving his then-girlfriend.

Husband did not oppose the RFO or appear at the RFO hearing. After the hearing, the family court granted the RFO, awarded sole legal and physical custody to Wife, and ordered Husband to respond to Wife's discovery requests. The court also imposed monetary sanctions against Husband in the amount of $1,890.

In 2024, Wife filed a motion for terminating sanctions alleging that Husband still had not produced responses to her discovery requests or paid the monetary sanctions ordered by the court. Wife requested additional monetary sanctions against Husband in the amount of $1,600 for the attorney's fees she had incurred to bring her latest motion.

Prior to the hearing on this motion, Husband retained Mediano as his legal counsel for the marital dissolution proceeding. Husband, acting through counsel, then filed an RFO seeking to return to the original joint legal and physical custody arrangement that had previously been in place. In a supporting memorandum, Husband denied that he had been arrested for a crime involving domestic violence and claimed that no criminal charges had been filed related to the incident discussed in Wife's supplemental declaration. Husband also responded to Mother's pending motion for terminating sanctions.

The family court held a hearing on Wife's motion and declined to impose terminating sanctions. However, the court ordered Husband to file supplemental declarations, respond to Wife's discovery requests, and pay $1,600 in additional monetary sanctions to Wife.

3

Thereafter, the court held a hearing and denied Husband's RFO in its entirety. The court found the RFO was a frivolous, untimely, and improper motion for reconsideration of the prior court order granting sole legal and physical custody to Wife. The court also issued an order to show cause (OSC) why monetary sanctions should not be imposed under section 271 against attorney Mediano for filing and pursuing the frivolous RFO on Father's behalf.

Father, acting through Mediano, responded to the OSC. He argued that sanctions were unwarranted because custody and visitation orders may be amended whenever it is in the best interests of the child, Husband was not arrested for a crime involving domestic violence, and Husband's RFO was filed to promote—not frustrate—settlement of the litigation.

The family court held an OSC hearing and ordered Mediano to pay $5,000 in monetary sanctions to Wife pursuant to section 271. The record does not include a reporter's transcript for the sanctions hearing. However, the written sanctions order states that the court sanctioned Mediano for "filing, arguing and continuing to pursue a frivolous motion." The court also directed the court clerk to mail a copy of the sanctions order to the State Bar of California pursuant to Business and Professions Code section 6086.7, subdivision (c).

Seven months later, the court entered a judgment of dissolution pursuant to a stipulation of judgment executed by Husband and Wife.

4

III

DISCUSSION[2]

Mediano appeals from the family court order imposing monetary sanctions against him under section 271.  He claims the court erred because section 271 does not authorize the imposition of monetary sanctions against a party's attorney.[3]  We agree.

A. *Standard of Review*

"We review an award of attorney fees and costs under section 271 for abuse of discretion."  (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 291 (*Fong*).)  However, "[t]he interpretation of a statute is a question of law, subject to de novo review."  (*Menezes v. McDaniel* (2019) 44 Cal.App.5th 340, 348.)  Where, as here, we are required to construe the meaning of a statute, "[w]e begin by looking at the language of the statute itself.  We give its words 'a plain and commonsense meaning' absent a special meaning provided by the statute itself.  [Citation.]  If the statutory text 'is unambiguous and provides a clear answer, we need go no further.' "  (*Ibid.*)

B. *The Family Court Erred by Imposing Sanctions Against Mediano*

The family court relied exclusively on section 271 as the statutory basis for its order imposing $5,000 in monetary sanctions against Mediano.

---

[2]     Wife did not file a respondent's brief.  We do not consider her failure to file a respondent's brief as an admission of error.  Rather, we examine the record based on Mediano's arguments to determine whether reversal is required.  (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1342, fn. 1; Cal. Rules of Court, rule 8.220(a)(2).)

[3]     There is no indication in the appellate record that Mediano presented his argument to the family court.  Nevertheless, "we address the issue on appeal as it is a question of law based on undisputed facts."  (*In re Marriage of Erndt v. Terhorst* (2021) 59 Cal.App.5th 898, 904.)

"Section 271 authorizes an award of attorney fees and costs as a sanction for uncooperative conduct that frustrates settlement and increases litigation costs." (*Fong, supra*, 193 Cal.App.4th at p. 290.) Section 271 states, in full:

> "(a) Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which any conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award.

> "(b) An award of attorney's fees and costs as a sanction pursuant to this section shall be imposed only after notice by the requesting party or the court to the party against whom the sanction is proposed and opportunity for that party to be heard is provided by the court.

> "(c) An award of attorney's fees and costs as a sanction pursuant to this section is payable only from the property or income of the party against whom the sanction is imposed, except that the award may be against the sanctioned party's share of the community property."

In *Featherstone v. Martinez* (2022) 86 Cal.App.5th 775, the Court of Appeal reversed a family court order imposing monetary sanctions against an attorney under section 271 as "obviously wrong," reasoning that "[s]ection 271 permits imposing sanctions only on a party, not a party's attorney." (*Id.* at p. 783.) As the *Featherstone* court aptly observed, section 271 refers to

6

parties—not attorneys—as the individuals against whom sanctions may be levied. (*Ibid.*) For example, "subdivision (b) provides sanctions shall be imposed 'only after notice *to the party* against whom the sanction is proposed to be imposed and opportunity *for that party* to be heard.' " (*Ibid.*) Subdivision (c) also "provides that '[a]n award of attorney's fees and costs as a sanction pursuant to this section is payable only from the property or income *of the party* against whom the sanction is imposed, except that the award may be against the sanctioned party's share of the community property.' " (*Ibid.*; see also § 271, subd. (a) ["The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on *the party* against whom the sanction is imposed"], italics added.) From this "clear" language, *Featherstone* held that "section 271 do[es] not provide for sanctions to be imposed on counsel for a party." (*Featherstone*, at p. 784.)

Other judicial decisions are in accord with *Featherstone*. (See, e.g., *Burkle v. Burkle* (2006) 144 Cal.App.4th 387, 403, fn. 7 [agreeing with party's "correct" argument that "sanctions under Family Code section 271 may only be imposed on a party, not on the attorneys."]; *Orange County Dept. of Child Support Services v. Superior Court* (2005) 129 Cal.App.4th 798, 804 ["section 271 allows the imposition of sanctions for the conduct of a party or an attorney that frustrates the policy of promoting settlement and cooperation. The sanction can be imposed only against a party, however, and is 'payable only from the property or income of the party against whom the sanction is imposed.' "]; *In re Marriage of Daniels* (1993) 19 Cal.App.4th 1102, 1110 [predecessor statute to section 271 "does not allow or contemplate an award against an attorney"]; see also *Koehler v. Superior Court* (2010) 181 Cal.App.4th 1153, 1164, fn. 5 ["It is not disputed that Family Code section 271 sanctions can be assessed only against a party."].)

7

Consistent with these authorities, we conclude section 271 permits the imposition of sanctions against parties only—not their attorneys. Because section 271 does not authorize sanctions against parties' attorneys, the family court erred by relying on section 271 as the statutory basis to impose $5,000 in monetary sanctions against Mediano.[4] Further, Wife did not seek sanctions against Mediano based on any other statutory basis, and the court did not rely on any other source of authority when it imposed the sanctions. Therefore, we are compelled to reverse the sanctions order.

IV

DISPOSITION

The order imposing $5,000 in monetary sanctions against Mediano is reversed. Each party shall bear its own appellate costs.

McCONNELL, P. J.

WE CONCUR:

DATO, J.

BUCHANAN, J.

---

[4] Our conclusion that section 271 does not authorize sanctions against a party's attorney renders it unnecessary for us to assess Mediano's alternative arguments that: (1) his conduct was not sanctionable, and (2) the amount of the sanctions award was excessive.

8